# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL POUPART (#357073)**                                      **CIVIL ACTION NO.**

**VERSUS**                                                                        **19-328-BAJ-EWD**

**JEFFREY LANDRY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PAUL POUPART (#357073)                                CIVIL ACTION NO.

VERSUS                                                19-328-BAJ-EWD

JEFFREY LANDRY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* plaintiff, Paul Poupart ("Plaintiff"), an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Jeffery Landry, James LeBlanc, Jon A. Gegenheimer, and Cornelius Regan.[1] On January 12, 2011, Plaintiff was convicted of public intimidation and was sentenced to serve five years in prison.[2] Thereafter, he was adjudicated a habitual offender, and on April 29, 2011, he was re-sentenced to serve twenty years at hard labor.[3] Plaintiff complains that he was sentenced under an unconstitutional statute and is wrongfully incarcerated.[4] Plaintiff seeks injunctive relief, including that this Court "issue a writ to release Mr. Poupart."[5]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[6] Both statutes are intended

---

[1] R. Doc. 4, p. 1.
[2] R. Doc. 4, p. 4.
[3] R. Doc. 4, p. 4.
[4] R. Doc. 4, p. 4.
[5] R. Doc. 1, p. 5.
[6] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff paid the full filing fee in this matter and is not proceeding as a pauper.

to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[9] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[10] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.[11]

In *Heck v. Humphrey*,[12] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[13] Plaintiff's claims attack the constitutionality of his imprisonment, and Plaintiff does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way. Further, Plaintiff previously filed for a petition for writ of *habeas corpus* in the Eastern District of Louisiana challenging the same conviction complained of in this Complaint. That petition was denied with

---

[7] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[9] *Denton,* 504 U.S. at 32.
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[12] 512 U.S. 477 (1994).
[13] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

prejudice.[14] As Plaintiff's Complaint challenging the constitutionality of his sentence and continued imprisonment is barred by *Heck v. Humphrey*, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. § 1915A.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, as legally frivolous pursuant to 28 U.S.C. § 1915A.[15]

**IT IS FURTHER RECOMMENDED** that, if this report and recommendation is adopted, Plaintiff's pending Motion for Service[16] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] *Paul Poupart v. Robert Tanner*, Civil Action No. 15-1340, 2017 WL 1511610 (E.D. La. April 27, 2017), *aff'd by Paul Poupart v. Timothy Hooper*, Case No. 17-30411, 740 Fed. App'x 53 (5th Cir. Oct. 15, 2018).

[15] 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Since Plaintiff was not proceeding *in forma pauperis* in this action, and consequently, the action does not fall under the purview of 28 U.S.C. § 1915, the dismissal of this action does not count as a "strike" for purposes of 28 U.S.C. § 1915.

[16] R. Doc. 6.

3