UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL POUPART | CIVIL ACTION |
| VERSUS | |
| JEFFERY LANDRY, ET AL. | NO.: 19-00328-BAJ-EWD |

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 7)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Plaintiff Paul Poupart's **Complaint (Doc. 1)** against Defendants under 42 U.S.C. §1983, alleging that he was sentenced under an unconstitutional statute and is wrongfully incarcerated. The Magistrate Judge recommended that Plaintiff's claims against Defendants be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 7 at p. 4). The Magistrate Judge further recommends, upon the adoption of this report, that Plaintiff's pending Motion for Service (Doc. 6) be denied as moot.

The Report and Recommendation notified the parties that, pursuant to 42 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Defendant filed an objection.

1

The Magistrate Judge found that Plaintiff's claims are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States held that a claim that effectively attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*. Thus, a §1983 claim must be dismissed if the adjudication of the claim would imply the invalidity of a plaintiff's prior criminal conviction or sentence. *Id.* at 486-87. The Magistrate Judge found that Plaintiff's claims challenge the constitutionality of his imprisonment, and Plaintiff does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question. (Doc. 7 at p. 3). Additionally, The Magistrate Judge found that Plaintiff previously filed a writ of *habeas corpus* in the Eastern District of Louisiana to challenge the same conviction. This petition was denied with prejudice and affirmed on appeal. (Id. at p. 4).[1] For these reasons, the Magistrate Judge recommends dismissal of the claims under 28 U.S.C. §§1915(e) and 1915A.

In his objection, Plaintiff argues that his claim challenges the duration of his confinement, and that his claim should not be barred by *Heck*. (Doc. 8 at p. 4). Plaintiff further argues that the *Heck* doctrine is focused more on the state prerequisites than

---

[1] *Paul Poupart v. Robert Tanner*, No. CV 15-1340, 2017 WL 1511610 (E.D. La. 2017), *aff'd by Paul Poupart v. Timothy Hooper*, 740 Fed. App'x 53 (5th Cir. 2018). *cert. denied*, 139 S. Ct. 1225, 203 L. Ed. 2d 209 (2019).

on the common law of torts, and "that the government [sic] has determined that §1983 actions apply to torts." (Id.) He asks the Court to revisit the case of *Heck v. Humphrey* and to rule in his favor.

The Court agrees with the Magistrate Judge's findings. Although Plaintiff asserts that he is not directly challenging his conviction, only the duration of his confinement, Plaintiff's claims still imply the invalidity of his conviction, which has not been challenged. If the Court were to rule that Plaintiff's duration of confinement is incorrect, then this undermines the validity of his conviction, which is the reason for his confinement. The *Heck* doctrine rests on the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. An action under 42 U.S.C. §1983 is not the appropriate way for Plaintiff to challenge the duration of his confinement. Thus, the Magistrate Judge correctly determined that Plaintiff failed to state a claim on which relief may be granted. Dismissal of Plaintiff's claims are appropriate under 28 U.S.C. §§ 1915(e) and 1915A, which authorize the Court to dismiss claims brought by a prisoner against a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

**IT IS ORDERED** that Plaintiff's action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Service (Doc. 6) is **DENIED AS MOOT.**

Baton Rouge, Louisiana, this 13th day of November, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**